

FILED

10 FEB -1 PM 3: 41

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL GRAY,<br>Booking #17171870,<br><br>       Plaintiff,<br><br>   v.<br><br>WILLIAM GORE; BOARD OF<br>SUPERVISORS; TELECARE CASE<br>MANAGEMENT; TELECARE<br>MENTAL DOCTOR; SHERIFF'S DEP'T<br>COUNTY OF SAN DIEGO,<br><br>       Defendants. | Case No.: 3:18-cv-0124-WQH-NLS<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO<br>PROCEED IN FORMA PAUPERIS<br>AS BARRED BY 28 U.S.C. § 1915(g)<br>[ECF Doc. No. 2]; AND**<br><br>**(2) DISMISSING CIVIL ACTION<br>WITHOUT PREJUDICE FOR<br>FAILURE TO PAY FILING FEE<br>REQUIRED BY 28 U.S.C. § 1914(a);** |

Plaintiff, Daryl Gray, currently housed at the San Diego Central Jail, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF Doc. No. 1.) Plaintiff has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF Doc. No. 2).

///

///

1

## I. Motion to Proceed IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners" like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

1  Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from

2  pursuing any other IFP action in federal court unless he can show he is facing "imminent

3  danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-

4  52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation

5  that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II.  Application to Plaintiff

7         As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has

8  ascertained that it does not contain "plausible allegations" which suggest he "faced

9  'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at

10  1055 (quoting 28 U.S.C. § 1915(g)).

11        A court "'may take notice of proceedings in other courts, both within and without

12  the federal judicial system, if those proceedings have a direct relation to matters at issue.'"

13  *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*,

14  285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria*

15  *Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

16        Thus, this Court takes judicial notice that Plaintiff, while incarcerated, has brought

17  at least three prior civil actions which have been dismissed on the grounds that they were

18  frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28

19  U.S.C. § 1915(g).  The following are three prior civil actions brought by Plaintiff:

20        1)    *Gray v. N. Grannis, et al.*, Civil Case No. 1:07-cv-00893-AWI-DLB (E.D.

21              Cal. June 23, 2008) (Order adopting Report and Recommendation dismissing

22              Complaint for failing to state a claim) (strike one);

23        2)    *Gray v. Risk Management Branch, et al.*, Civil Case No. 2:07-cv-06516-UA-

24              SS (C.D. Cal. Dec. 7, 2007) (Order Denying Motion to Proceed IFP on

25              grounds action is legally and/or factually patently frivolous) (strike two);

26        3)    *Gray v. Zachariah, et al.*, Civil Case no. 2:11-cv-00129-MCE-GGH (E.D.

27              Cal. Aug. 8, 2011) (Order adopting Report and Recommendation dismissing

28                                              3

1    action for failing to state a claim) (strike three)

2        Accordingly, because Plaintiff has, while incarcerated, accumulated at least the three

3    "strikes" permitted pursuant to § 1915(g), and he fails to make a "plausible allegation" that

4    he faced imminent danger of serious physical injury at the time he filed his Complaint, he

5    is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at

6    1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all

7    prisoners from accessing the courts; it only precludes prisoners with a history of abusing

8    the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin

9    v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is

10    itself a matter of privilege and not right.").

11   **III.    Conclusion and Order**

12        For the reasons set forth above, the Court hereby:

13        (1)    DENIES Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) as barred by 28

14   U.S.C. § 1915(g);

15        (2)    DISMISSES this civil action sua sponte without prejudice for failing to prepay

16   the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a).

17        The Clerk shall close the file.

18        IT IS SO ORDERED.

19

20   Dated:    2/1/18

21                                            Hon. William Q. Hayes
22                                            United States District Judge

23

24

25

26

27

28                                4